1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

COASTAL TRANSPORTATION,
INC.,

11

Plaintiff,

12

v.

13

EAST WEST SEAFOODS LLC,

14

Defendant.

15

CASE NO. C17-1555JLR

ORDER

Plaintiff Coastal Transportation, Inc. ("Coastal") brought this action against

16

Defendant East West Seafoods LLC ("EWS") for alleged failure to pay for freight

17

services. (Compl. (Dkt. # 1) ¶¶ 4.1-4.5.) In its answer, EWS asserted various affirmative

18

defenses (Ans. (Dkt. # 6) ¶¶ 6.1-6.4) and additionally brought a counter claim, alleging

19

that Coastal wrongfully charged EWS's credit card without EWS's authorization (*id.*

20

¶¶ 7.1-7.5).

21

//

22

On January 17, 2018, EWS's counsel, Harold Thoreen, at the request of EWS's Governor Christos Tsabouris, filed a motion to withdraw. (Mot. (Dkt. # 8); *see* 1st Thoreen Decl. (Dkt. # 9) ¶¶ 3-4.) Mr. Thoreen provided Mr. Tsabouris with a copy of Local Civil Rule 83.2(b)(4). (1st Thoreen Decl. ¶ 5.) Local Civil Rule 83.2(b)(4) states:

> A business entity . . . must be represented by counsel . . . [F]ailure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties.

Local Rules W.D. Wash. LCR 83.2(b)(4).

The court granted Mr. Thoreen's motion to withdraw on January 26, 2018. (Order (Dkt. # 11).) The court ordered Mr. Thoreen to provide EWS with a copy of the order and stayed the action for 30 days—time for EWS to find replacement counsel and have him or her file a notice of appearance to keep from running afoul of Local Civil Rule 83.2(b)(4). (*See id.* at 1-2.) The court cautioned EWS that if it failed to obtain a replacement attorney within the allotted time, the court would enter default against it. (*Id.* at 2.) Mr. Thoreen emailed, sent via certified mail, and subsequently, at Mr. Tsabouris's request, faxed a copy of the court's order to EWS. (2d Thoreen Decl. (Dkt. # 12) ¶¶ 1-3, Exs. 1-2 (attaching email, fax cover sheet and fax confirmation).) Mr. Thoreen subsequently filed a signed return receipt of the certified mail, indicating that Mr. Tsabouris had received the order. (3rd Thoreen Decl. (Dkt. # 14) ¶ 1, Ex. 1.)

More than 30 days have passed since the court's order, and no replacement attorney has appeared on behalf of EWS. (*See* Dkt.) Accordingly, the court

1   DISMISSES EWS's counter claim against Coastal and further DIRECTS the clerk

2   to ENTER DEFAULT against EWS.  *See* Local Rules W.D. Wash. LCR

3   83.2(b)(4).

4        Dated this 13th day of March, 2018.

5

6                                                    JAMES L. ROBART
                                                     United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22