UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COASTAL TRANSPORTATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> EAST WEST SEAFOODS LLC, <br><br> Defendant. | CASE NO. C17-1555JLR <br><br> ORDER GRANTING MOTION TO VACATE ORDER OF DEFAULT AND DENYING RENEWED MOTION FOR DEFAULT JUDGMENT |

## I. INTRODUCTION

Before the court are: (1) Defendant East West Seafoods LLC's ("EWS") motion to vacate the order of default entered against it (EWS Mot. (Dkt. # 24)); and (2) Plaintiff Coastal Transportation, Inc.'s ("Coastal") renewed motion for default judgment against EWS (Coastal Mot. (Dkt. # 21)). The court has considered the motions, the materials filed in support of and in opposition thereto, and the balance of the record. Being fully

//

ORDER - 1

advised,[1] the court GRANTS EWS's motion, ORDERS EWS's principal Chris Tsabouris to pay $1,000.00 to the court, and DENIES as moot Coastal's renewed motion for default judgment.

## II. BACKGROUND AND ANALYSIS

Coastal brings this action against EWS for an alleged failure to pay for freight services. (Compl. (Dkt. # 1) ¶¶ 4.1-4.5.) In its answer, EWS asserts various affirmative defenses and brings a counterclaim, alleging that Coastal wrongfully charged EWS's credit card without EWS's authorization. (*See* Ans. (Dkt. # 6) ¶¶ 6.1-6.4, 7.1-7.5.)

On January 17, 2018, EWS's former counsel, Harold Thoreen, filed a motion to withdraw. (Mot. to Withdraw (Dkt. # 8); *see* 1st Thoreen Decl. (Dkt. # 9) ¶¶ 3-4.) The court granted the motion on January 26, 2018. (1/26/18 Order (Dkt. # 11).) In its order, the court cautioned EWS that, pursuant to Local Civil Rule 83.2(b)(4), if EWS failed to obtain a replacement attorney within 30 days, the court would enter default against EWS. (*Id.* at 2); *see also* Local Rules W.D. Wash. LCR 83.2(b)(4). Mr. Thoreen provided EWS with a copy of the court's order via email, certified mail, and fax. (2d Thoreen Decl. (Dkt. # 12) ¶¶ 1-3, Exs. 1-2 (attaching email and fax confirmation); 3rd Thoreen Decl. (Dkt. # 14) ¶ 1, Ex. 1 (attaching signed return receipt of certified mail).) No replacement attorney appeared on EWS's behalf in the 30 days. (*See* Dkt.) Thus, the court entered default against EWS and dismissed EWS's counterclaim against Coastal. (3/13/18 Order (Dkt. # 15) at 2-3.)

---

[1] Neither party requests oral argument, and the court finds that oral argument would not be helpful in its disposition of the motions. *See* Local Rules W.D. Wash. LCR 7(b)(4).

After the court entered default against EWS, Coastal moved for default judgment. (*See* 1st Mot. for DJ (Dkt. # 17).) However, because Coastal did not provide sufficient supporting evidence with its motion, the court denied its motion without prejudice. (4/2/18 Order (Dkt. # 19) at 1-2.) After the court's denial, a replacement attorney appeared on EWS's behalf. (*See* Not. of Appear. (Dkt. # 20).)

The parties subsequently filed the two motions at issue. EWS, through its replacement attorney, filed a motion to vacate the order of default. (*See* EWS Mot.) Coastal filed a renewed motion for default judgment. (*See* Coastal Mot.) Coastal also filed an opposition to EWS's motion to vacate, arguing that EWS's culpable conduct led to the default. (*See* Resp. (Dkt. # 27.) at 1-3.)

EWS explains that it "has now retained counsel" and "understands that however it feels about the subject of the litigation, it must go through the process to an ultimate result." (EWS Mot. at 1.) EWS attaches the declaration of its principal, Mr. Tsabouris, in which Mr. Tsabouris explains that he "did not attend to this matter the way [he] should have" due to his travels to Alaska. (Tsabouris Decl. (Dkt. # 25) ¶ 3.) Mr. Tsabouris also stated that he "did not understand that it was necessary to go through this process" because he believed that EWS "had nothing to do with" the transaction at issue. (*Id.* ¶ 5.) Mr. Tsabouris further asserts that Mr. Thoreen "did not explain . . . that this process was necessary." (*Id.*) However, Mr. Tsabouris states that he has "now been lectured . . . regarding the necessity of participating in the litigation process" and am "prepared to go forward to a resolution of this matter on the merits." (*Id.*)

//

The order of default was predicated on EWS's lack of representation (*see* 3/13/18 Order at 2-3), and because EWS has now obtained new counsel and demonstrated an understanding of the litigation process, the court finds good cause to set aside the order of default, *see* Fed. R. Civ. P. 55(c). Moreover, Coastal concedes that it cannot make a showing of prejudice and that EWS appears to articulate a meritorious defense. (Resp. at 2); *see Johnson v. Wang*, No. C16-1738JLR, 2017 WL 1233101, at *2 (W.D. Wash. Apr. 4, 2017). Accordingly, the court vacates the order of default against EWS. Vacating the order of default necessarily renders Coastal's pending motion for default judgment moot, and the court denies it on that basis.

However, the court reprimands Mr. Tsabouris for failing to abide by the court's orders. Mr. Tsabouris's unilateral—and erroneous—decision that he "wanted to do nothing further with" this matter prompted Coastal and the court to take steps towards default judgment, which required time and resources that are wasted now that Mr. Tsabouris has newly discovered the importance of participating in litigation. (*See* Tsabouris Decl. ¶ 5.) Accordingly, Mr. Tsabouris must pay $1,000.00 to the court for failing to adhere to the court's orders and wasting judicial resources.

In this regard, Mr. Tsabouris cannot shift the blame to Mr. Thoreen. Mr. Thoreen filed numerous declarations documenting his various attempts to inform Mr. Tsabouris of the court's order and the consequences of not abiding. (*See, e.g.*, 2d Thoreen Decl.; 3rd Thoreen Decl.) Indeed, Mr. Thoreen specifically drew Mr. Tsabouris's attention to Local Civil Rule 83.2(b)(4), warning him that failure to obtain replacement counsel would result in default. (1st Thoreen Decl. ¶ 5; *see also* 2d Thoreen Decl. ¶ 1, Ex. 1 ("[I]f you

fail to have a replacement attorney appear on your behalf with in [sic] 30 days of the date of the Order . . . a default will be entered against [EWS].").) Thus, Mr. Tsabouris's conduct is not excused by Mr. Thoreen's conduct.

### III. CONCLUSION

For the foregoing reasons, the court GRANTS EWS's motion to vacate (Dkt. # 24) and DENIES Coastal's renewed motion for default judgment (Dkt. # 21). The court ORDERS Mr. Tsabouris to pay $1,000.00 to the court no later than 30 days after the date of this order.

Dated this 23rd day of April, 2018.

JAMES L. ROBART
United States District Judge